UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN W. TATE,

        *Petitioner*,

v.

STATE OF NEW JERSEY;
MORRIS COUNTY SUPERIOR COURT;
MORRIS COUNTY PROSECUTORS;
MICHAEL RUBBINACCHIO;
ROBERT BIANCHI;
JOHN L. REDDEN;
JOSEPH D'ONOFRIO;
MARGARET CALDERWOOD;
MARGARET RODRIGUEZ;
MELANIE G. SMITH;
NEW JERSEY DIVISION OF YOUTH &
FAMILY SERVICES;
SUMMIT QUEST ACADEMY,

        *Respondents*.

Civil Action No. 09-2697 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

This matter comes to the Court upon a *pro se* petition for a writ of mandamus and an application for emergent injunctive relief filed by John Tate against the State of New Jersey, the Superior Court of Morris County, certain officials of the Morris County Prosecutor's Office, and the New Jersey Division of Youth & Family Services.[1] The action arises from pending state

---

[1] In addition to the petition for a writ of mandamus [D.E. # 1, 2] and application for a temporary restraining order [D.E. # 7], Tate has also filed applications styled as "application/motion for declaratory relief" [D.E. # 6], "application/petition for interim injunction relief" [D.E. # 9], and "application/petition to stay proceedings" [D.E. # 10]. Because each of these

1

criminal charges of sexual abuse of a former foster child from August 1999 through November 1999. Tate recently pleaded guilty to these charges, and has filed prolix and voluminous supporting documents in this Court about the proceedings in the state court. He requests this Court to enjoin (or alternatively issue a writ of mandamus to stay) his sentencing, which, according to his papers, is scheduled to go forward today, July 17, 2009. He also seeks an order vacating his guilty plea in the state court.

The asserted bases for Tate's petition include his allegations that: (1) respondents have failed to adjudicate certain motions filed on his behalf; (2) respondents have destroyed or spoliated certain evidence related to his defense; (3) respondents have caused him involuntarily to plead guilty to the state criminal charges; and (4) delays in the state-court proceedings have violated his constitutional rights to due process and a speedy trial.

A party seeking temporary or preliminary injunctive relief must demonstrate that: (1) there is a reasonable probability of success on the merits; (2) the movant will be irreparably injured if relief is not granted; (3) the relative harm to the movant in the absence of relief is greater than the harm that will be sustained by the non-movant if relief is granted; and (4) the public interest favors the injunction. *Central Jersey Freightliner, Inc., v. Freightliner Corp.,* 987 F. Supp. 289, 295 (D.N.J. 1997). As the Court discusses below, Tate cannot—as a matter of law—succeed on the merits. A temporary restraining order is therefore inappropriate, and the action will be dismissed. See *Hill Int'l v. Nat'l R.R. Passenger Corp.*, 957 F. Supp. 548, 562

---

"applications/petitions" seeks the same relief, *i.e.*, emergent relief from his state-court sentencing, the Court's discussion below as to the mandamus petition and the TRO application applies with equal force to them as well.

(D.N.J. 1996) (Simandle, J.) (denying injunctive relief where plaintiff had "no prospect of success on the merits").

Tate seeks a writ of mandamus pursuant to the 28 U.S.C. §§ 1361 and 1651.[2] The former provision authorizes district courts to issue such a writ "to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). It does not permit mandamus to issue out of this Court against state officers named as respondents in this action. *See Richardson v. New Jersey*, No. 07-3482, 2007 U.S. Dist. LEXIS 58104, at *2 (D.N.J. Aug. 9, 2007) (Martini, J.); *Jenkins v. Gregoria*, No. 06-5163, 2006 U.S. Dist. LEXIS 80143, at *5 (D.N.J. Nov. 2, 2006) (Pisano, J.); *see also Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

The latter provision—known as the All Writs Act—similarly permits a district court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section 1651 permits this Court to issue a writ of mandamus in aid of *its own jurisdiction*, but—like § 1361—does not confer upon it the authority to compel state judicial officers to act in matters pending in those officers' courts. *See, e.g.*, *In re Grand Jury Proceedings*, 654 F.2d 268, 278 (3d Cir. 1981); *Miller v. New Jersey*, No. 07-460, 2008 U.S. Dist. LEXIS 50048, at *7-8 n.1 (D.N.J. Jul. 1, 2008) (Cooper, J.); *Bronson v. Sup. Ct. of Pa.*, No. 89-5552, 1989 U.S. Dist. LEXIS 10083, at *1 (E.D. Pa. Aug. 28, 1989); *In

---

[2] Tate also variously invokes this Court's jurisdiction under 42 U.S.C. § 1983; 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 551, *et seq*. (the Administrative Procedures Act). Irrespective of the Court's power to hear this case under any of these statutory provisions, the gravamen of Tate's petition is a request to halt the state criminal proceedings now in progress, relief the Court either lacks the authority to grant, or abstains from deciding (*see infra*).

*re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001).   Nor may the Court issue the writ "against state officials for violations of their duties under state law." *Coniston Corp. v. Village of Hoffman Estates.*, 844 F.2d 461, 469 (7th Cir. 1988); *Miller*, 2008 U.S. Dist. LEXIS 50048, at *7-8 n.1; *Jenkins*, 2006 U.S. Dist. LEIS 80143, at *5.[3]

Finally, construing Tate's *pro se* petition liberally as a request for injunctive relief that the Court would otherwise have jurisdiction to grant, abstention under *Younger v. Harris*, 401 U.S. 37 (1971) is appropriate.  *Younger* held that, absent extraordinary circumstances, a federal district court must abstain from enjoining pending state criminal prosecutions pursuant to concerns of equity, comity, and federalism.  *Id.* at 41.  "*Younger* 'and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Kendall v. Russell*, No. 08-1212, 2009 U.S. App. LEXIS 15390, at *37 (3d Cir. Jul. 13, 2009) (Fisher, J., dissenting) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).   Three requirements must be satisfied before a district court may abstain under *Younger*:  "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id.* at *9-10 (majority op.) (citing *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008)); *see also Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

---

[3] In his submissions, Tate notes in passing that he seeks damages from respondents.  Mandamus, however, is not an appropriate vehicle for damages, and his claim otherwise lacks merit.  *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) ("Th[e] writ (or one of prohibition) has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'") (quoting *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000)).

This case presents a classic *Younger* fact pattern; because the prerequisites for abstention are present and no exceptions apply, the Court will abstain. First, Tate admits that state proceedings are now ongoing (the instant petition asks that they be stopped), and it is beyond cavil that those criminal proceedings are judicial in nature. *See, e.g.*, *Coruzzi v. New Jersey*, 705 F.2d 688, 690 (3d Cir. 1983) (identifying "traditional indicia of a judicial action"). Second, as *Younger* itself demonstrates, when a state acts to ensure compliance with its own criminal statutes, important state interests are implicated. *See Younger*, 401 U.S. at 43-54; *Anthony v. Gerald Council*, 316 F.3d 412, 421-22 (3d Cir. 2003) ("Under the *Younger* doctrine, when a state seeks to vindicate its own policies as a party to a pending state proceeding, an important state interest often is implicated."). Third, it is Tate's affirmative burden "to show 'that *state procedural law* bar[s] presentation of [his] [federal] claims.'" *Schall*, 885 F.2d at 107 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (emphasis added)). Although he argues that respondents have not addressed certain motions under New Jersey law attacking the pending charges against him, he has failed to demonstrate that the applicable state law does not afford him the opportunity to assert federal claims in support of his cause. The more appropriate avenue to address these alleged failures, rather, is a direct appeal in state court.[4]

Even if, as is the case here, the required three predicates exist, *Younger* abstention is inappropriate if the federal plaintiff can establish that: (1) the state proceedings are being undertaken in bad faith or for purposes of harassment; or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for

---

[4] Irrespective of the validity of the guilty plea (which Tate also challenges), the Court notes that the issue of non-adjudicated motions may be moot as a result of the guilty plea.

irreparable harm to the federal interests asserted. *See Middlesex*, 457 U.S. at 435; *Younger*, 401 U.S. at 49-50, 53-54; *Schall*, 885 F.3d at 106.  No extraordinary circumstances exist here, however, that vitiate the interests of comity and federalism that abstention would promote. Tate's guilty plea undermines any potential argument that the prosecution was brought in bad faith or with intent to harass.  Furthermore, he posits no argument that the statute to which he pleaded guilty is "flagrantly unconstitutional" or that deference to the state criminal proceeding will present a "significant and immediate potential for irreparable harm" to his federal constitutional rights.

*****

For the aforementioned reasons, a writ of mandamus may not issue out of this Court to stay the state criminal proceedings now pending against Tate.[5]  Moreover, compelling interests of comity, federalism, and equity require this Court to abstain from entertaining Tate's emergent petition, in deference to the state criminal proceedings.  Because Tate is not entitled to the relief he seeks under any factual circumstances, emergent relief is inappropriate.  Tate's various motions will be denied, and the matter will be dismissed.[6]

---

[5] On July 14, 2009, Tate filed a new motion, styled as one to "amend the complaint" [D.E. # 11], to specifically name a state prosecutor, John K. McNamara as a respondent.  Reading Tate's opening pleading (a petition for a writ of mandamus) liberally as a complaint, the motion to specifically name McNamara is moot, as Tate is not entitled to the relief he seeks.  This newest motion will therefore be denied as well.

[6] The Court is also aware that Tate previously filed a similar action in this District that was assigned to Judge Wigenton.  *See Tate v. Morris Co. Prosecutor's Office*, D.N.J. Civ. No. 06-5024.  On June 16, 2009, Judge Wigenton issued an order dismissing Tate's mandamus petition for lack of mandamus jurisdiction [D.E. # 52].  Issues of *res judicata* aside, as is clear from the

For the foregoing reasons, and good cause appearing,

**It is** on this 17th day of July, 2009, hereby

**ORDERED** that the Amended Petition for a Writ of Mandamus [D.E. # 2] is **DENIED**; and it is further

**ORDERED** that the Application/Motion for Declaratory Relief [D.E. # 6] is **DENIED**; and it is further

**ORDERED** that the Motion for a Temporary Restraining Order [D.E. # 7] is **DENIED**; and it is further

**ORDERED** that the Motion to Dispense with the Requirement of Security [D.E. # 8] is **DENIED** as moot**;** and it is further

**ORDERED** that the Application/Petition for Interim Injunctive Relief [D.E. # 9] is **DENIED**; and it is further

**ORDERED** that the Application/Petition to Stay Proceedings [D.E. # 10] is **DENIED**; and it is further

**ORDERED** that the Motion to Amend [D.E. # 11] is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court is directed to close the case.

/s/  Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge

---

foregoing, the Court agrees with Judge Wigenton's substantive adjudication of Tate's similar claims, and dismisses them accordingly.